UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

HEIVER RUIZ-PATOZANO,

              Defendant.

20-cr-686 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

    The defendant, Heiver Ruiz-Patozano, was convicted pursuant to his plea of guilty to one count of conspiracy in violation of 21 U.S.C. § 846 to distribute and to possess with intent to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). See PSR ¶ 1. In his plea agreement, the defendant agreed that the conspiracy involved at least 150 kilograms of cocaine. Id. ¶ 3(a)-(b).

    The Court determined that the offense level was 31, the criminal history category was I, and the Guideline Sentencing Range was 108 to 135 months. See Sentencing Tr. at 28, ECF No. 205. After carefully considering all of the relevant sentencing factors, including the defendant's likely removal from the United States, the Court downwardly varied from the Sentencing Guideline Range, principally to a sentence of 86 months' imprisonment with no period of supervised release because the defendant was likely to be removed from the United States after

1

his term of imprisonment. See id. at 29-30.

The defendant now moves to add a term of one-month supervised release to his sentence. See ECF No. 213. The defendant also moves for a reduction in his sentence based on the retroactive application of United States Sentencing Guidelines Amendment 821 based on the two-level downward adjustment in U.S.S.G. § 4 C1.1 for defendants who have zero criminal history points. See ECF Nos. 225, 226. None of these applications have merit.

With respect to the request to add a one-month term of supervised release, the defendant argues that a period of supervised release would allow him to accumulate good time credit under the First Step Act for courses that he took while in prison, but that ability depends upon his having a term of supervised release. There is no authority for the request. A Court is limited in the circumstances under which it can change a sentence after it has been imposed. See, e.g., Fed. R. Crim. P. 35, 36. The defendant points to no authority that would permit the Court to increase a sentence by adding a term of supervised release after the sentence has been imposed.

In any event, the Court would not add a fictional term of supervised release. The defendant does not expect to serve any term of supervised release because it is expected that he will be removed from the United States after his term of

imprisonment. Therefore, the requested term of supervised release would not be served, and the Court would not impose a strictly fictional term of supervised release. The request to add a one-month term of supervised release to the defendant's sentence is therefore **denied**.

The defendant qualifies for the two-level reduction under Amendment 821 because he has zero criminal history points and otherwise qualifies, and is thus entitled to a two-level downward variance under amended Guideline 4C1.1, but that does not reduce the defendant's sentence. Reducing the defendant's Guideline Sentencing Range by 2 levels produces an Offense Level of 29, Criminal History Category I, and a Guideline Sentencing Range of 87 to 108 months. Because the Court sentenced the defendant principally to a sentence of 86 months' imprisonment, which is below the bottom of the adjusted Guideline Sentencing Range, the defendant does not qualify for a reduction in his sentence. See U.S.S.G. § 1B1.10(b)(2)(A). The Court adds that, even if authorized, the Court would not change the original sentence. The Court carefully considered the 18 U.S.C. § 3553(a) factors and varied substantially below the then-applicable Guideline Sentencing Range to arrive at a sentence that was sufficient but no greater than necessary to satisfy the 18 U.S.C. § 3553(a)(2) factors. Nothing in the defendant's papers leads the Court to change the determination the Court made at

sentencing. The request for a reduction in sentence pursuant to Amendment 821 is therefore **denied**.

## CONCLUSION

The Court has carefully considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendants' applications are denied. The Clerk is directed to close all pending motions.

SO ORDERED.

Dated: New York, New York
February 13, 2024

_____
John G. Koeltl
United States District Judge