UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

HEIVER RUIZ-PATOZANO,

              Defendant.

20-cr-686 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

    The defendant, formerly represented by counsel, has moved pro se for reconsideration of this Court's Memorandum Opinion and Order dated February 13, 2024 that, among other things, denied the defendant's application for a sentence reduction as a result of the retroactive application of Amendment 821 to the Sentencing Guidelines. See United States v. Ruiz-Patozano, 2024 WL 621661, at *1-2 (S.D.N.Y. Feb. 13, 2024). For the reasons explained below, the defendant's application is **denied**.

    "The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Alvarez-Estevez, 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6,

1

2014).¹ The moving party must "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Criminal Rule 49.1(d). As the defendant requests, and as a pro se litigant, he is entitled to a "liberal construction of [his] pleadings, which should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

As the Court explained in its original Order, at the time of sentencing, the Court determined that the defendant's Guideline Sentencing Range was 108 to 135 months. Ruiz-Patozano, 2024 WL 621661, at *1. The Probation Department recommended a sentence of 108 months, but the Court substantially downwardly varied to a sentence principally of 86 months' imprisonment. See Sentencing Tr. 28-30.

The defendant now argues, as he did in his original application, that he is entitled to a two-level downward adjustment under amended Guideline 4C1.1, which was included in Amendment 821 because he had zero criminal history points and otherwise qualifies under that retroactive amendment. See ECF No. 235. But, as the Court explained in its original Order, granting the defendant the two-level downward adjustment under

---

¹ Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

4C1.1 would reduce the defendant's offense level to 29, Criminal History Category 1, and the Guideline Sentencing Range would be 87 to 108 months. See Ruiz-Patozano, 2024 WL 621661, at *1. Because the defendant's sentence was already below the amended Guideline Sentencing Range with the benefit of the two-level downward adjustment under amended Guideline 4C1.1, the defendant was not entitled to any reduction in his sentence. The Court also noted that there was nothing in the defendant's submission that led the Court to change its original sentence, which was carefully considered and included a substantial downward variance. See id.

In the current application, the defendant also includes an argument that he should be entitled to a reduction in his sentence because he cannot receive certain credits under the First Step Act because those credits are not available to him as an alien who will be promptly removed from the United States upon completion of his sentence. See ECF No. 235 at 20-23. But there is no right to receive those credits and the exclusion of persons who will be removed from the United States promptly upon completion of their sentences is not a violation of due process. See Cheng v. United States, 2024 WL 1309016, at *4 (S.D.N.Y. March 26, 2024) (collecting cases and finding no due process interest in the application of time credits under the First Step Act); United States v. Denis, 2022 WL 4088058, at *2 (S.D.N.Y.

3

Sept. 6, 2022) (finding "doubtful" that the defendant had stated any constitutional claim based on the defendant's prospective removal from the United States and access to various BOP programs such as early release).

Finally, the defendant makes a general argument that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c). ECF No. 235 at 23. That section does permit a court to reduce a sentence based on "extraordinary and compelling reasons," but it requires the defendant to have first requested relief from the warden of the facility where the defendant is held. See 18 U.S.C. § 3582(c)(1)(A). There is no indication that the defendant has met that requirement in this case. In any event, even construing the defendant's papers liberally, the defendant has failed to show that there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence. The Court carefully considered the relevant sentencing factors and varied downwardly by a substantial amount to a sentence that the Court found was "sufficient but no greater than necessary" to satisfy the relevant sentencing factors. See Sentencing Hearing Tr. 28. There is nothing in the defendant's submission that leads the Court to change that determination.

## CONCLUSION

The Court has carefully considered all of the defendant's arguments. To the extent not specifically addressed above, the

arguments are either moot or without merit. The defendant's motion for reconsideration is **denied**. The Court declines to find good cause for the defendant to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915. The Clerk is directed to close all pending motions.

The Clerk is respectfully requested to mail a copy of this Memorandum Opinion and Order to the defendant and to note mailing on the docket.

SO ORDERED.

Dated:   New York, New York
         April 16, 2024

                                        _____
                                             John G. Koeltl
                                        United States District Judge