**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

       **- against -**

**HEIVER RUIZ-PATOZANO,**

                **Defendant.**
_____

    **20-cr-686 (JGK)**

    **MEMORANDUM OPINION**
    **AND ORDER**

**JOHN G. KOELTL, District Judge:**

The defendant, Heiver Ruiz-Patozano, moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction in his sentence based on allegedly "extraordinary and compelling reasons." For the reasons below, the request is **denied.**

**I.**

The defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846. After carefully considering all of the relevant sentencing factors, including the defendant's likely removal from the United States, the Court downwardly varied from the Sentencing Guideline range, principally to a sentence of 86 months' imprisonment with no period of supervised release because the defendant was likely to be removed from the United States after his term of imprisonment. See Sentencing Tr. 29-30, ECF No. 205. The defendant's projected date of release is

January 12, 2027. Mem. of Law in Opposition to Application ("Opp.") 2, ECF No. 240.

The defendant previously moved for imposition of a period of supervised release on the grounds that it would allow the defendant to participate in various programs that would reduce his sentence. See ECF No. 213. The Court denied that application. See United States v. Ruiz-Patozano, No. 20-CR-686, 2024 WL 621661 (S.D.N.Y. Feb. 13, 2024) ("Ruiz-Patozano I"). The defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 238.

## II.

As relevant here:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that-
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). Previously, a court could grant a motion pursuant to § 3582(c)(1)(A) only upon a motion from the Director of the Bureau of Prisons. The amended statute now allows a defendant to make the motion, but only after exhausting the defendant's administrative remedies-that is, by first requesting a reduction from the warden of the defendant's facility and waiting at least 30 days for a response.

The Court must then be satisfied that the defendant's application satisfies the extraordinary and compelling reasons requirement as explained in policy statements issued by the Sentencing Commission. The Sentencing Commission's policy statement is contained in U.S.S.G. § 1B1.13. An earlier version of § 1B1.13 was found to be inapplicable to motions brought by defendants-rather than by the Director of the Bureau of Prisons-and thus was non-binding on district courts evaluating such motions. United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). However, through amendments effective as of November 1, 2023, the Sentencing Commission fixed the issue identified in Brooker and made it clear that § 1B1.13 now applies when district courts consider motions made by defendants. See, e.g., United States v. Rivera Rodriguez, No. 12-CR-269, 2024 WL 4355031, at *2 (S.D.N.Y. Sep. 27, 2024). In other words, the more expansive definition of "extraordinary and compelling reasons" as set forth in cases like Brooker no longer applies.

Having considered whether there are "extraordinary and compel-
ling reasons" as explained in current § 1B1.13, the Court must
then consider the sentencing factors in § 3553(a).

### III.

In this case, the defendant has exhausted his administra-
tive remedies because he sought a sentence reduction from the
Warden of FCI, Fort Dix and, more than thirty days after the re-
quest, has not received a reply. See 18 U.S.C. § 3582(c)(1)(A).
It is undisputed that the defendant has exhausted his adminis-
trative remedies.

However, the defendant has not established "extraordinary
and compelling reasons" that warrant a reduction in his sen-
tence. The defendant relies on three allegedly "extraordinary
and compelling reasons," and the Court addresses each in turn.

First, the defendant claims that he is entitled to a sen-
tence reduction because the Court failed to impose a term of su-
pervised release and, if such a term were imposed, the defend-
ant's ultimate sentence would be shorter. See Mem. of Law in
Support of Application ("Br.") 5-6, ECF No. 238. But that argu-
ment does not provide a basis on which to reduce the defendant's
sentence. The defendant was not entitled to a period of super-
vised release, see Sentencing Tr. 30, and the failure to impose
a period of supervised a release is not a basis for reducing the
defendant's sentence. In his reply papers, the defendant argues

4

that his request for supervised release is "the form of relief sought, not itself the 'extraordinary and compelling reason.'" Reply Mem. of Law in Support of Application ("Reply Br.") 2, ECF No. 243. But, as discussed above, the Court has already considered and rejected the argument that the Court should impose a term of supervised release at this point in the defendant's imprisonment. "There is no authority" to justify a post-sentence imposition of a term of supervised release, and "the Court [will] not add a fictional term of supervised release," that the defendant does not expect to serve. Ruiz-Patozano I, 2024 WL 621661, at *1.

Second, the defendant claims that his status as the "only available caregiver," U.S.S.G. § 1B1.13(b)(3)(C), to provide medical assistance to the defendant's mother in Colombia establishes an "extraordinary and compelling reason" for a sentence reduction. See Br. 7-9. The defendant represents that his mother suffers from various physical conditions, and he has submitted a note from his mother's doctor that it is recommended that the defendant's mother not live alone. See Ex. 2 to Br. "When a defendant relies on a sole-caregiver argument, courts generally require a showing of several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has established." United States v. Abayev, No. 22-

5

CR-655, 2025 WL 1739789, at *5 (S.D.N.Y. June 24, 2025). In this case, in addition to the doctor's letter, the only support for the defendant's claim consists of two letters-one from the defendant himself, and the other from his wife. See Exs. 2 & 3 to Br. But, the defendants' representations are contradicted by the Presentence Investigation Report ("PSR"), which states that the defendant has not lived in Colombia since 2012 and that the defendant's 39-year-old sister lives in Colombia with the defendant's mother. See PSR ¶¶ 53, 56, ECF No. 147. The PSR also indicates that the defendant has a brother who lives in Miami. See id. at ¶ 53. The defendant also has an adult sister who lives in Mexico. See id. Because the defendant has failed to support his claim that he is the "only available caregiver" for his mother, see U.S.S.G. § 1B1.13(b)(3)(C), his request for a sentence reduction on this basis also fails.

The defendant's third purported "extraordinary and compelling" reason for a sentence reduction is that the conditions at FCI, Fort Dix, are dangerous to the inmates because of water contamination, mold, and other issues. See Br. 10-12. Under the Sentencing Guidelines, the circumstances warranting a reduction in the term of imprisonment due to prison conditions are limited and require that the defendant show:

> (i)     the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an

> ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii)     due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii)    such risk cannot be adequately mitigated in a timely manner.

See U.S.S.G. § 1B1.13(b)(1)(D).

Among other things, the defendant has failed to show that his complaints about the unsanitary conditions have risen to the level of an "ongoing public health emergency declared by the appropriate" public authority, or that the defendant is personally at risk of severe medical complications as a result of exposure to the outbreak of infectious disease or the ongoing public health emergency. The defendant has failed to present any individual health records. "Generalized statements about the conditions of confinement," like the defendant's allegations in this case, "do not constitute compelling reasons for compassionate release." United States v. Farmer, No. 19-CR-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022). The defendant has failed to show that he meets the strict conditions that warrant a reduction in the term of imprisonment due to prison conditions as outlined in § 1B1.13(b)(1)(D).

The defendant's application for a sentence reduction must also be denied because a reduction in the term of the defendant's imprisonment would not be consistent with the factors articulated in 18 U.S.C. § 3553(a). The defendant pleaded guilty to participating in a conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine. PSR at 1. The defendant admitted in his plea agreement that he participated in a conspiracy to distribute and possess with intent to distribute at least approximately 150 kilograms of cocaine. PSR ¶ 3(b). As explained in Ruiz-Patozano I, "[t]he Court carefully considered the 18 U.S.C. § 3553(a) factors and [arrived] at a sentence that was sufficient but no greater than necessary to satisfy the 18 U.S.C. § 3553(a)(2) factors." 2024 WL 621661, *1. And, as before, "[n]othing in the defendant's papers leads the Court to change the determination the Court made at sentencing." Id.

**CONCLUSION**

The Court has carefully considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's application for a reduction of sentence is **denied.** The Court declines to find good cause for the defendant to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915.

The Clerk is respectfully requested to close ECF No. 238.

**SO ORDERED.**

**Dated:**    **New York, New York**
         **November 7, 2025**

John G. Koeltl
**United States District Judge**

9