**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

    - against -

**HEIVER RUIZ-PATOZANO,**

              **Defendant.**

**20-cr-686 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

---

**JOHN G. KOELTL, District Judge:**

The defendant, Heiver Ruiz-Patozano, moves for reconsideration of this Court's Memorandum Opinion and Order dated November 7, 2025, denying the defendant's application for a reduction in sentence based on the existence of allegedly "extraordinary and compelling reasons." Alternatively, the defendant moves for relief pursuant to 28 U.S.C. § 2255 on the grounds that the Court's decision not to impose a period of supervised release was unlawful. For the reasons explained below, the defendant's motion is **denied**.

The standard applicable to a motion for reconsideration is exacting, and the defendant has failed to meet it. "[A] court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Alvarez-Estevez,

1

No. 13-cr-380, 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014).[1] The moving party must "set[] forth concisely the matters or controlling decisions that [the defendant] believes the [C]ourt has overlooked." Local Criminal Rule 49.1(d).

The defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846. After carefully considering all of the relevant sentencing factors, including the defendant's likely removal from the United States, the Court downwardly varied from the Sentencing Guideline range, principally to a sentence of 86 months' imprisonment with no period of supervised release because the defendant was likely to be removed from the United States after his term of imprisonment. See Sentencing Tr. 29-30, ECF No. 205. The defendant's projected date of release is January 12, 2027 — fewer than ten months from the date of this Order. United States v. Ruiz-Patozano, No. 20-cr-686, 2025 WL 3136595, at *1 (S.D.N.Y. Nov. 10, 2025) ("Ruiz-Patozano I").

The defendant previously moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A); the Court denied the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

motion. See id. at *3. The defendant now moves for reconsideration.

The defendant contends that the Court erred in finding that the defendant had not shown "extraordinary and compelling" reasons for his immediate release based on his alleged need to assist his mother in Colombia. See Mem. of Law in Supp. of Mot. ("Br.") 7-8, ECF No. 246. But the Court explained that the defendant had not in fact lived in Colombia for fourteen years and thus had not been of assistance to his mother during that time. Ruiz-Patozano I, 2025 WL 3136595, at *2. Moreover, the Court explained that the defendant had two sisters, one of whom lived in Colombia with the defendant's mother, and a brother who lived in Miami. Id. In his current application, the defendant responds that his two sisters do not currently live in Colombia; the defendant is silent as to the whereabouts of his brother. See Br. 7-8. In any event, it is not credible that the defendant's family cannot make sufficient arrangements for the care of the defendant's mother in the ten months remaining in the defendant's sentence.

The defendant also contends that the Court erred in not imposing a term of supervised release because such a term was mandatory under 21 U.S.C. § 841(b)(1)(A). The defendant relies on United States v. Garcia-Beltran, No. 19-cr-49, 2024 WL 4545831 (E.D. Cal. Oct. 22, 2024). That case, and the defendant's

argument, are unpersuasive, because 18 U.S.C. § 3553(f) provides an explicit safety valve from a mandatory sentence and was applied in the defendant's case. See United States v. Aggrey-Fynn, No. 04-cr-1148, 2007 WL 473731, at *2 (S.D.N.Y. Feb. 14, 2007) ("Because [the defendant] qualifies for safety-valve relief pursuant to 18 U.S.C. § 3553(f), he is not subject to any statutory minimum term of supervised release."). And the Sentencing Guidelines now provide that a "court ordinarily should not impose a term of supervised release" when it is not required "and the defendant is a deportable alien who" is likely to "be deported after imprisonment." U.S.S.G. § 5D1.1.(c). Therefore, there was no error when the Court did not impose a term of supervised release on the defendant.

Finally, as the Court explained in its prior Order, considering all of the section 3553(a) factors, the sentence imposed by the Court was the sentence that was sufficient but no greater than necessary to satisfy the 18 U.S.C § 3553(a)(2) factors. See Ruiz-Patozano I, 2025 WL 3136595, at *3. There is nothing in the defendant's submission that leads the Court to change that determination.

4

## CONCLUSION

The Court has carefully considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's motion for reconsideration is **denied,** and the defendant's motion in the alternative for relief pursuant to 28 U.S.C. § 2255 is also **denied.**

The Court declines to find good cause for the defendant to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915. Because the motion makes no "substantial showing of a denial of a constitutional right," a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

The Clerk is respectfully requested to close ECF No. 246. The Clerk is also requested to mail a copy of this Order to the defendant and to note mailing on the docket.

SO ORDERED.

Dated:   New York, New York
         March 4, 2026

_____
         John G. Koeltl
United States District Judge

5